IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY WILSON and KIMBERLY WILSON, the parents of Martez Wilson, | * * * * | CIVIL ACTION FILE NO. 1:17-cv-00634-ELR |
| Plaintiff, | * * | |
| V. | * * | |
| CITY OF DOUGLASVILLE, GA, OFFICER COYLEE DANLEY, in his individual capacity, OFFICER ANDREW SMITH, in his individual capacity, SGT. CALDWELL, in his individual capacity, EMT SEAN FLACK, in his individual capacity, PARAMEDIC BRIAN PORTERFIELD, in his individual capacity, | * * * * * * * * * * * | |
| Defendants. | | |

## DEFENDANTS SEAN FLACK'S AND BRIAN PORTERFIELD'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW defendants Sean Flack, in his individual capacity, and Brian Porterfield, in his individual capacity, (hereinafter referred to as "these defendants"), and hereby submit this, their answer and defenses to plaintiffs' complaint for damages, showing the Court as follows:

1

## FIRST DEFENSE

Some or all of plaintiffs' complaint fails to state a claim against these defendants upon which relief can be granted.

## SECOND DEFENSE

In response to the numbered paragraphs of plaintiffs' complaint, these defendants answer as follows:

The allegations contained in the unnumbered paragraph preceding paragraph 1 of plaintiffs' complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, these defendants deny that plaintiffs have stated an actionable claim against them.

## ANSWER TO PARTIES

1.

These defendants can neither admit nor deny the allegations contained in paragraph 1 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

2.

These defendants can neither admit nor deny the allegations contained in paragraph 2 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

3.

These defendants can neither admit nor deny the allegations contained in paragraph 3 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

4.

Responding to the allegations contained in paragraph 4 of plaintiffs' complaint, these defendants can admit only that the City of Douglasville is a municipality and maintains a police department. These defendants can neither admit nor deny the remaining allegations contained in paragraph 4 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

5.

These defendants can neither admit nor deny the allegations contained in paragraph 5 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

6.

These defendants can neither admit nor deny the allegations contained in paragraph 6 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

7.

These defendants can neither admit nor deny the allegations contained in paragraph 7 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

8.

Responding to the allegations contained in paragraph 8 of plaintiffs' complaint, these defendants admit only that at all relevant times, Brian Porterfield was a paramedic employed by the Douglas County Fire Department, he acted in the course and scope of his employment, and he acted under color of state law. These defendants further state that an agreement between the Douglas County, Georgia and the City of Douglasville, Georgia for provision and funding of fire protection services and emergency medical services exists and that the document speaks for itself. These defendants deny this paragraph to the extent that it misrepresents the contents of the agreement.

9.

Responding to the allegations contained in paragraph 9 of plaintiffs' complaint, these defendants admit only that at all relevant times, Sean Flack was an EMT employed by the Douglas County Fire Department, he acted in the course and scope of his employment, and he acted under color of state law. These defendants

further state that an agreement between the Douglas County, Georgia and the City of Douglasville, Georgia for provision and funding of fire protection services and emergency medical services exists and that the document speaks for itself. These defendants deny this paragraph to the extent that it misrepresents the contents of the agreement.

## ANSWER TO JURISDICTION AND VENUE

### 10.

Responding to the allegations contained in paragraph 10 of plaintiffs' complaint, these defendants admit only that this Court generally has subject matter jurisdiction over claims brought pursuant to 42 U.S.C. § 1983 and that this Court generally has subject matter jurisdiction over federal question claims pursuant to 28 U.S.C. §§ 1331. These defendants deny in the form and manner alleged the remaining allegations contained in paragraph 10 of plaintiffs' complaint.

### 11.

Responding to the allegations contained in paragraph 11 of plaintiffs' complaint, these defendants admit only that this Court generally has the discretion to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. These defendants deny in the form and manner alleged the remaining allegations contained in paragraph 11 of plaintiffs' complaint.

12.

Responding to the allegations contained in paragraph 12 of plaintiffs' complaint, these defendants admit only that this Court has personal jurisdiction over them. These defendants can neither admit nor deny the allegations contained in paragraph 12 of plaintiffs' complaint regarding the residence of other defendants for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

13.

Responding to the allegations contained in paragraph 13 of plaintiffs' complaint, these defendants admit only that venue is proper in this Court, that the actions giving rise to this lawsuit occurred in the Northern District of Georgia and that they reside within the Northern District. These defendants can neither admit nor deny the allegations contained in paragraph 13 of plaintiffs' complaint regarding the residence of other defendants for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

## ANSWER TO FACTUAL ALLEGATIONS

14.

These defendants can neither admit nor deny the allegations contained in paragraph 14 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

15.

These defendants can neither admit nor deny the allegations contained in paragraph 15 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

16.

These defendants can neither admit nor deny the allegations contained in paragraph 16 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

17.

These defendants can neither admit nor deny the allegations contained in paragraph 17 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

18.

These defendants can neither admit nor deny the allegations contained in paragraph 18 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

19.

These defendants can neither admit nor deny the allegations contained in paragraph 19 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

20.

These defendants can neither admit nor deny the allegations contained in paragraph 20 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

21.

These defendants can neither admit nor deny the allegations contained in paragraph 21 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

22.

These defendants can neither admit nor deny the allegations contained in paragraph 22 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

23.

These defendants can neither admit nor deny the allegations contained in paragraph 23 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

24.

These defendants can neither admit nor deny the allegations contained in paragraph 24 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

25.

These defendants can neither admit nor deny the allegations contained in paragraph 25 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

26.

These defendants can neither admit nor deny the allegations contained in paragraph 26 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

27.

These defendants can neither admit nor deny the allegations contained in paragraph 27 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

28.

These defendants can neither admit nor deny the allegations contained in paragraph 28 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

29.

These defendants can neither admit nor deny the allegations contained in paragraph 29 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

30.

These defendants can neither admit nor deny the allegations contained in paragraph 30 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

31.

These defendants can neither admit nor deny the allegations contained in paragraph 31 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

32.

These defendants can neither admit nor deny the allegations contained in paragraph 32 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

33.

These defendants can neither admit nor deny the allegations contained in paragraph 33 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

34.

These defendants can neither admit nor deny the allegations contained in paragraph 34 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

35.

These defendants can neither admit nor deny the allegations contained in paragraph 35 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

36.

These defendants can neither admit nor deny the allegations contained in paragraph 36 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

37.

These defendants can neither admit nor deny the allegations contained in paragraph 37 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

38.

These defendants can neither admit nor deny the allegations contained in paragraph 38 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

39.

These defendants can neither admit nor deny the allegations contained in paragraph 39 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

40.

These defendants can neither admit nor deny the allegations contained in paragraph 40 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

41.

These defendants can neither admit nor deny the allegations contained in paragraph 41 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

42.

These defendants can neither admit nor deny the allegations contained in paragraph 42 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

43.

These defendants can neither admit nor deny the allegations contained in paragraph 43 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

44.

These defendants can neither admit nor deny the allegations contained in paragraph 44 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

45.

These defendants can neither admit nor deny the allegations contained in paragraph 45 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

46.

These defendants can neither admit nor deny the allegations contained in paragraph 46 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

47.

Responding to the allegations contained in paragraph 47 of plaintiffs' complaint, these defendants admit only that they were called to the scene.  These defendants can neither admit nor deny the remaining allegations contained in paragraph 47 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of same.

48.

These defendants admit the allegations contained in paragraph 48 of plaintiffs' complaint.

49.

Responding to the allegations contained in paragraph 49 of plaintiffs' complaint, these defendants can admit only that on March 3, 2015, Douglas County Fire/EMS Department had Guidelines for Therapy in place for its employees and the Guidelines speak for themselves.  These defendants deny this paragraph to the extent that it misrepresents the contents of the Guidelines.

50.

Responding to the allegations contained in paragraph 50 of plaintiffs' complaint, these defendants admit only that they were informed by the officers at the scene that the decedent complained of difficulty breathing at the time of his arrest. These defendants can neither admit nor deny the remaining allegations contained in paragraph 50 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of same.

51.

Responding to the allegations contained in the first sentence of paragraph 51 of plaintiffs' complaint, these defendants admit only that they do not recall the officers at the scene stating that decedent was found face down or that decedent was unable to walk or stand.  Responding to the allegations contained in the second sentence of paragraph 51 of plaintiffs' complaint, these defendants admit only that they believe it was indicated by the officers at the scene that the decedent did not want to go to jail.  Responding to the allegations contained in the third sentence of paragraph 51 of plaintiffs' complaint, these defendants admit only that they believe it was indicated by the officers at the scene that the decedent was making a false complaint of illness. These defendants deny in the form and manner alleged the remaining allegations contained in paragraph 51 of plaintiffs' complaint.

52.

Responding to the allegations contained in paragraph 52 of plaintiffs' complaint, these defendants admit only that they were not told that decedent was carried to the patrol car, that decedent was placed in a seatbelt to hold him up, or that decedent was unresponsive throughout the arrest. These defendants deny in the form and manner alleged the remaining allegations contained in paragraph 52 of plaintiffs' complaint.

53.

These defendants admit the allegations contained in the first sentence of paragraph 53 of plaintiffs' complaint. These defendants can neither admit nor deny the allegations contained in sentences two and three of paragraph 53 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of same.

54.

These defendants can neither admit nor deny the allegations contained in paragraph 54 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

55.

Responding to the allegations contained in paragraph 55 of plaintiffs' complaint, these defendants admit only that they observed decedent sitting upright in a patrol car with his seatbelt on, that they performed an initial assessment of decedent's chest and pupils, measured decedent's oxygen level with a pulse oximeter, that they did not assess decedent's blood pressure, and that they did not complete any paperwork at the scene. These defendants deny the remaining allegations contained in paragraph 55 of plaintiffs' complaint.

56.

Responding to the allegations contained in paragraph 56 of plaintiffs' complaint, these defendants admit only that on March 3, 2015, Douglas County Fire/EMS Department had Guidelines for Therapy in place for its employees and the Guidelines speak for themselves. These defendants deny the remaining allegations contained in paragraph 56 of plaintiffs' complaint and deny this paragraph to the extent that it misrepresents the contents of the Guidelines.

57.

These defendants deny the allegations contained in paragraph 57 of plaintiffs' complaint.

58.

Responding to the allegations contained in paragraph 58 of plaintiffs' complaint, these defendants can admit only that they are responsible for transport of patients in need of medical assistance barring a refusal.  These defendants deny the remaining allegations contained in paragraph 58 of plaintiffs' complaint.

59.

These defendants deny the allegations contained in paragraph 59 of plaintiffs' complaint.

60.

Responding to the allegations contained in paragraph 60 of plaintiffs' complaint, these defendants admit only that they did not instruct the officers at the scene as to how to monitor decedent's condition.  These defendants deny in the form and manner alleged the remaining allegations contained in paragraph 60 of plaintiffs' complaint.

61.

Responding to the allegations contained in paragraph 61 of plaintiffs' complaint, these defendants can admit only that when they left the scene, they believed decedent would be transported and remain in custody. These defendants deny the remaining allegations contained in paragraph 61.

62.

Responding to the allegations contained in paragraph 62 of plaintiffs' complaint, these defendants admit only that they asked the decedent if he wanted to be transported to the hospital and the decedent ignored the question.   These defendants can neither admit nor deny the remaining allegations contained in the first sentence of paragraph 62 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.   These defendants deny the allegations contained in sentence two of paragraph 62 of plaintiffs' complaint.

63.

These defendants can neither admit nor deny the allegations contained in paragraph 63 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

64.

These defendants can neither admit nor deny the allegations contained in paragraph 64 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

65.

These defendants can neither admit nor deny the allegations contained in paragraph 65 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

66.

These defendants can neither admit nor deny the allegations contained in paragraph 66 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

67.

These defendants can neither admit nor deny the allegations contained in paragraph 67 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

68.

These defendants can neither admit nor deny the allegations contained in paragraph 68 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

69.

These defendants can neither admit nor deny the allegations contained in paragraph 69 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

70.

These defendants can neither admit nor deny the allegations contained in paragraph 70 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same. To the extent the paragraph alleges that these defendants performed an inadequate assessment, such allegations are denied.

71.

These defendants can neither admit nor deny the allegations contained in paragraph 71 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

72.

These defendants can neither admit nor deny the allegations contained in paragraph 72 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

73.

These defendants can neither admit nor deny the allegations contained in paragraph 73 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

74.

These defendants can neither admit nor deny the allegations contained in paragraph 74 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

75.

These defendants can neither admit nor deny the allegations contained in paragraph 75 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

76.

These defendants can neither admit nor deny the allegations contained in paragraph 76 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

77.

These defendants can neither admit nor deny the allegations contained in paragraph 77 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

78.

These defendants can neither admit nor deny the allegations contained in paragraph 78 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

79.

Based upon information and belief, these defendants admit the allegations contained in paragraph 79 of plaintiffs' complaint.

## **ANSWER TO COUNT I**

*Negligence and Abuse in Being Arrested*
*against the City of Douglasville for the Actions of Danley and Smith*

80.

These defendants can neither admit nor deny the allegations contained in paragraph 80 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

81.

These defendants can neither admit nor deny the allegations contained in paragraph 81 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

82.

These defendants can neither admit nor deny the allegations contained in paragraph 82 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

83.

These defendants can neither admit nor deny the allegations contained in paragraph 83 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

84.

These defendants can neither admit nor deny the allegations contained in paragraph 84 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

85.

These defendants can neither admit nor deny the allegations contained in paragraph 85 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

86.

These defendants can neither admit nor deny the allegations contained in paragraph 86 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same. To the extent the paragraph alleges that these defendants performed an inadequate assessment, such allegations are denied.

87.

These defendants can neither admit nor deny the allegations contained in paragraph 87 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

88.

These defendants deny the allegations contained in paragraph 88 of plaintiffs' complaint insofar as those allegations are directed at them. Insofar as the allegations contained in paragraph 88 of plaintiffs' complaint are directed at any other defendant, these defendants can neither admit nor deny those allegations for want of

sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

89.

These defendants can neither admit nor deny the allegations contained in paragraph 89 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

90.

Responding to the allegations contained in paragraph 90 of plaintiff's complaint, these defendants state that the Georgia Constitution speaks for itself and therefore no response is required. These defendants deny this paragraph to the extent that it misrepresents the contents of the Constitution. To the extent the paragraph alleges or implies that the complaint states a cause of action against these defendants, the paragraph is denied.

91.

These defendants can neither admit nor deny the allegations contained in paragraph 91 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

92.

These defendants can neither admit nor deny the allegations contained in paragraph 92 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

## ANSWER TO COUNT II

*Negligence against the City of Douglasville for the Actions of Porterfield and Flack*

93.

Responding to the allegations contained in paragraph 93 of plaintiffs' complaint, these defendants can admit only that an agreement between the Douglas County, Georgia and the City of Douglasville, Georgia for provision and funding of fire protection services and emergency medical services exists and that the document speaks for itself. These defendants can further admit only that they were dispatched to the scene, and upon arrival, evaluated the decedent per the request of the officers at the scene.  These defendants deny this paragraph to the extent that it misrepresents the contents of the agreement.

94.

These defendants can neither admit nor deny the allegations contained in paragraph 94 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

95.

These defendants can neither admit nor deny the allegations contained in paragraph 95 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

96.

These defendants deny the allegations contained in paragraph 96 of plaintiffs' complaint.

97.

These defendants deny the allegations contained in paragraph 97 of plaintiffs' complaint.

98.

These defendants deny the allegations contained in paragraph 98 of plaintiffs' complaint.

99.

These defendants deny in the form and manner alleged the allegations contained in paragraph 99 of plaintiffs' complaint.

100.

These defendants deny the allegations contained in paragraph 100 of plaintiffs' complaint.

## ANSWER TO COUNT III

*Deliberate Indifference to Medical Needs under the Fourth and Fourteenth Amendments of the United States Constitution against Officer Danley, Officer Smith, and Sgt. Caldwell, and Defendants Porterfield and Flack*

### 101.

These defendants deny the allegations contained in paragraph 101 of plaintiffs' complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 101 of plaintiffs' complaint are directed at any other defendant, these defendants can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

### 102.

These defendants can neither admit nor deny the allegations contained in paragraph 102 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.  To the extent the paragraph alleges that these defendants performed an inadequate assessment, such allegations are denied.

### 103.

These defendants can neither admit nor deny the allegations contained in paragraph 103 of plaintiffs' complaint for want of sufficient information to form a

belief as to the truth thereof, and put plaintiffs upon strict proof of the same. TO the extent the paragraph alleges that these defendants performed an inadequate assessment, such allegations are denied.

104.

Responding to the allegations contained in paragraph 104 of plaintiffs' complaint, these defendants can only admit that they were told the decedent had complained of difficulty breathing at the time of arrest and that the decedent would not answer their questions. These defendants deny the remaining allegations contained in paragraph 104 of plaintffs' complaint.

105.

These defendants deny the allegations contained in paragraph 105 of plaintiffs' complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 105 of plaintiffs' complaint are directed at any other defendant, these defendants can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

106.

These defendants deny the allegations contained in paragraph 106 of plaintiffs' complaint insofar as those allegations are directed at them.  Insofar as the

allegations contained in paragraph 106 of plaintiffs' complaint are directed at any other defendant, these defendants can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

107.

These defendants can neither admit nor deny the allegations contained in paragraph 107 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

108.

These defendants deny the allegations contained in paragraph 108 of plaintiffs' complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 108 of plaintiffs' complaint are directed at any other defendant, these defendants can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

109.

These defendants can neither admit nor deny the allegations contained in paragraph 109 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

## ANSWER TO COUNT IV

*Breach of Ministerial Duty against EMS Flack and Paramedic Porterfield*

110.

Responding to the allegations contained in paragraph 110 of plaintiffs' complaint, these defendants admit only that on March 3, 2015, Douglas County Fire/EMS Department had Guidelines for Therapy in place for its employees and the Guidelines speak for themselves. These defendants deny this paragraph to the extent that it misrepresents the contents of the Guidelines.

111.

Responding to the allegations contained in paragraph 110 of plaintiffs' complaint, these defendants admit only that on March 3, 2015, Douglas County Fire/EMS Department had Guidelines for Therapy in place for its employees and the Guidelines speak for themselves. These defendants deny this paragraph to the extent that it misrepresents the contents of the Guidelines.

112.

Responding to the allegations contained in paragraph 112 and subsections (a) through (f) of plaintiffs' complaint, these defendants can admit only that on March 3, 2015, Douglas County Fire/EMS Department had Guidelines for Therapy in place

for its employees and the Guidelines speak for themselves.  These defendants deny this paragraph to the extent that it misrepresents the contents of the Guidelines.

113.

Responding to the allegations contained in paragraph 113 of plaintiffs' complaint, these defendants can admit only that on March 3, 2015, Douglas County Fire/EMS Department had Guidelines for Therapy in place for its employees and the Guidelines speak for themselves.  These defendants specifically deny that they violated Douglas County Fire Department policies.  These defendants deny the remaining allegations contained in this paragraph and deny this paragraph to the extent that it misrepresents the contents of the Guidelines.

114.

Responding to the allegations contained in paragraph 114 of plaintiffs' complaint, these defendants admit only that they were dispatched to the scene to evaluate the decedent for complaints of difficulty breathing and that they used their medical judgment while doing so.  These defendants deny in the form and manner alleged the remaining allegations contained in paragraph 114 of plaintiffs' complaint.

- 34 -

115.

These defendants deny the allegations contained in paragraph 115 of plaintiffs' complaint.

116.

These defendants deny the allegations contained in paragraph 116 of plaintiffs' complaint.

117.

These defendants deny the allegations contained in paragraph 117 of plaintiffs' complaint.

## ANSWER TO COUNT V

*Expenses of Litigation under O.C.G.A. § 13-6-11*

118.

The allegations contained in paragraph 118 of plaintiffs' complaint constitute legal conclusions to which no response is required. To the extent that a response is required, these defendants deny that plaintiffs have stated an actionable claim against them.

119.

These defendants deny the allegations contained in paragraph 119 of plaintiffs' complaint insofar as those allegations are directed at them. Insofar as the

allegations contained in paragraph 119 of plaintiffs' complaint are directed at any other defendant, these defendants can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

120.

The allegations contained in paragraph 120 of plaintiffs' complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, these defendants deny that plaintiffs have stated an actionable claim against them.

## ANSWER TO COUNT VI

*Punitive Damages*

121.

The allegations contained in paragraph 121 of plaintiffs' complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, these defendants can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

122.

These defendants can neither admit nor deny the allegations contained in paragraph 122 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiffs upon strict proof of the same.

## ANSWER TO REQUESTS FOR RELIEF

123.

Responding to the allegations contained in the unnumbered paragraph following paragraph 122 of plaintiffs' complaint beginning "**WHEREFORE,**" and constituting plaintiffs' prayer for relief, these defendants deny all such allegations, including subparagraphs a) through d) thereof, and specifically denies that plaintiff is entitled to any of the relief requested from them in form, type, or amount, under any theory at law or in equity.

124.

Except as expressly admitted, denied, or otherwise responded to, these defendants deny all allegations contained in plaintiffs' complaint.

## THIRD DEFENSE

The claims and allegations in plaintiffs' complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional tort.

## FOURTH DEFENSE

These defendants show that plaintiff was not deprived of any constitutionally protected life, liberty, or property interest without due process of law, nor did these defendants violate the rights of decedent under any provisions of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

## FIFTH DEFENSE

Plaintiffs' federal claims against these defendants, sued in their individual capacities, are barred by qualified immunity.

## SIXTH DEFENSE

Plaintiffs' state claims against these defendants, sued in their individual capacities, are barred by official immunity.

## SEVENTH DEFENSE

Plaintiffs' claims against these defendants are barred by the provisions of O.C.G.A. § 31-11-8.

## EIGHTH DEFENSE

Under the circumstances as alleged by plaintiffs, these defendants owed no duty to plaintiffs and the decedent and breached no duty that may have been owed.

## NINTH DEFENSE

No act or omission of these defendants either proximately caused or contributed to any damages allegedly incurred by plaintiffs or the decedent, and therefore, plaintiffs have no right of recovery against these defendants.

## TENTH DEFENSE

Plaintiffs' damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff or others and not from any conduct of these defendants.

## ELEVENTH DEFENSE

Plaintiffs' damages, if any, were caused by the deliberate, criminal conduct of the decedent, and such criminal conduct supersedes any and all negligence or liability, if any, on the part of these defendants.

## TWELFTH DEFENSE

To the extent as may be shown by the evidence through discovery or at trial, these defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of the decedent to exercise ordinary care for his own safety, failure of the decedent to avoid consequences, failure to mitigate damages, estoppel, illegality, laches, last clear chance, *res judicata*, statute of limitations, and waiver.

## THIRTEENTH DEFENSE

These defendants reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered plaintiffs' complaint, these defendants pray as follows:

(a) That judgment be entered in favor of these defendants and against plaintiffs on the complaint;

(b) That the costs of this action, including attorney's fees, be cast against plaintiffs; and

(c) That the Court grant such other and further relief as it may deem just and proper.

This 1st day of May, 2017.

*//s// Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Sara E. Brochstein
Georgia Bar No. 446366
sbrochstein@fmglaw.com

*Attorneys for defendants Sean Flack and Brian Porterfield*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway

Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## DEFENDANTS FLACK AND PORTERFIELD DEMAND TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing DEFENDANTS SEAN FLACK'S AND BRIAN PORTERFIELD'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to the following counsel of record who are CM/ECF participants:

Brian Spears, Esq.
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306

Jeffrey Filipovits, Esq.
Filipovits Law Firm, P.C.
Building 1
2900 Chamblee-Tucker Road
Atlanta, Georgia 30341

Brian R. Dempsey, Esq.
Quintairos, Prieto, Wood & Boyer, P.A.
1000 Parkwood Circle, Suite 900
Atlanta, Georgia 30339

This 1st day of May, 2017.

*//s// Sara E. Brochstein*
Sara E. Brochstein
Georgia Bar No. 446366
sbrochstein@fmglaw.com

*Attorneys for Defendants Flack and Porterfield*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)