IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY WILSON and KIMBERLY WILSON, the parents of Martez Wilson, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:17-cv-00634-ELR |
| CITY OF DOUGLASVILLE, GA, OFFICER COYLEE DANLEY, in his individual capacity, OFFICER ANDREW SMITH, in his individual capacity, SGT. CALDWELL, in his individual capacity, EMT SEAN FLACK, in his individual capacity, PARAMEDIC BRIAN PORTERFIELD, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER OF CITY OF DOUGLASVILLE, GEORGIA AND COYLEE DANLEY

Come now the City of Douglasville, Georgia ("Douglasville") and Coylee

Danley ("Danley"), in his individual capacity, named as defendants in the above-

referenced action, and answer plaintiffs' complaint for damages as follows;

## FIRST DEFENSE

For a first defense, these defendants show that the complaint fails to state a

claim against them upon which relief can be granted.

## SECOND DEFENSE

For a second defense, these defendants show that there has been an insufficiency of service, insufficiency of service of process and that there exists a lack of personal jurisdiction over defendant Andrew Smith at the present time.

## THIRD DEFENSE

For a third defense, these defendants respond to the numbered paragraphs of the complaint as follows:

## COMPLAINT FOR DAMAGES

In response to the unnumbered allegations in the complaint under the heading "Complaint for Damages", these defendants show that they are not required to respond to allegations which merely set forth plaintiffs' intentions in bringing the present action or with regard to the identification of claims they are pursuing against these defendants. To the extent that a response is required, these defendants expressly deny that plaintiffs have stated any viable claims against them under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

1.

On information and belief, these defendants admit that Anthony Wilson is

the father of Martez Wilson, deceased, and that Anthony Wilson is a resident of the State of Georgia and is over the age of 18 years.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

2.

On information and belief, these defendants admit that Kimberly Wilson is the mother of Martez Wilson, deceased, and that Kimberly Wilson is a resident of the State of Georgia and is over the age of 18 years.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

3.

In response to the allegations of paragraph 3, these defendants admit only that in connection with the wrongful death claim asserted against these defendants arising under the laws of the State of Georgia, in the absence of a surviving child or surviving spouse, the parents of the decedent are the proper persons to pursue such claim.  In further response, these defendants show that they are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and, therefore, that they can neither admit nor deny the same.

4.

In response to the allegations of paragraph 4, these defendants admit that

Douglasville is a municipal corporation organized and existing under the laws of the State of Georgia, with all duties and powers inherent in its capacity as such.  In further response, these defendants admit that on March 3, 2015, Danley and Smith were employed by Douglasville as law enforcement officers, duly certified as such under the laws of the State of Georgia.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

5.

In response to the allegations of paragraph 5, these defendants admit that as of March 3, 2015, Smith was employed by Douglasville as a law enforcement officer, duly certified as such under the laws of the State of Georgia, and that in connection with his interactions with plaintiffs' decedent herein, Smith was acting solely and exclusively within his discretionary authority as a duly certified law officer and as an employee of Douglasville.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

6.

In response to the allegations of paragraph 6, these defendants admit that as of March 3, 2015, Danley was employed by Douglasville as a law enforcement officer, duly certified as such under the laws of the State of Georgia, and that in connection with his interactions with plaintiffs' decedent herein, Danley was acting

solely and exclusively within his discretionary authority as a duly certified law officer and as an employee of Douglasville. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

7.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and, therefore, these defendants can neither admit nor deny the same.

8.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and, therefore, these defendants can neither admit nor deny the same.

9.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and, therefore, these defendants can neither admit nor deny the same.

10.

In response to the allegations of paragraph 10, these defendants admit only that this Court has general subject matter jurisdiction to hear and decide claims arising under the Constitution and laws of the United States; however, these

defendants expressly deny that any viable claims have been asserted against them herein under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

11.

In response to the allegations of paragraph 11, these defendants admit only that this Court has discretionary, supplemental jurisdiction to hear and decide claims arising under the Constitution and laws of the State of Georgia where federal claims are also being pursued; however, these defendants expressly deny that plaintiffs have stated any viable claims against them under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

12.

The allegations of paragraph 12 are admitted.

13.

The allegations of paragraph 13 are admitted.

14.

The allegations of paragraph 14 are admitted.

15.

In response to the allegations of paragraph 15, these defendants admit that

after persons had been seen at the business running from the location, Danley drove to a nearby residential neighborhood.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

16.

The allegations of paragraph 16 are admitted.

17.

In response to the allegations of paragraph 17, these defendants admit that when Danley came upon Martez Wilson, he was lying face down in the driveway and that Wilson's pants were below his underwear.  Except as expressly admitted herein the allegations of this paragraph are denied as stated.

18.

The allegations of paragraph 18 are admitted.

19.

In response to the allegations of paragraph 19, these defendants show that some of the interactions between Danley and Martez Wilson and, in particular, with regard to the quoted language attributed to Danley and Wilson, referenced in paragraph 19 and elsewhere in the complaint, is obviously taken from recorded dash camera audio from the dash camera system in Danley's vehicle; that the statements made by Danley in this regard are contained on said dash camera audio

and will speak for themselves regarding any statements made by Wilson or Danley in this regard. In addition, these defendants show that the dash camera video also reflects interactions between Wilson and the officers present and will likewise speak for itself in this regard. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

20.

In response to the allegations of paragraph 20, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

21.

In response to the allegations of paragraph 21, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

22.

In response to the allegations of paragraph 22, these defendants admit only that Danley placed handcuffs on Martez Wilson. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

-8-

23.

In response to the allegations of paragraph 23, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

24.

In response to the allegations of paragraph 24, these defendants admit only that Carlos Burroughs appeared on the scene; that he was directed to lie down; that Burroughs complied with this directive from Danley; and that Danley handcuffed Mr. Burroughs.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

25.

In response to the allegations of paragraph 25, these defendants show that dispatch audio recordings exist which capture Danley's communications with dispatch and that said recordings will speak for themselves regarding any statements made by Danley to dispatch and any statements made by dispatch to Danley.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

26.

In response to the allegations of paragraph 26, these defendants admit only that Smith arrived on the scene in a separate patrol car and that Burroughs was located in the back of Danley's police vehicle.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

27.

In response to the allegations of paragraph 27, these defendants re-allege and incorporate by reference, as if fully set forth, herein their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

28.

In response to the allegations of paragraph 28, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

29.

In response to the allegations of paragraph 29, these defendants admit only that Sergeant Caldwell arrived on the scene and that communications between Danley and Caldwell in this regard are captured on dash camera/audio from

Danley's vehicle which will speak for itself regarding any conversations between the two of them and with regard to any statements made by Caldwell to Wilson or by Wilson to Caldwell.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

30.

In response to the allegations of paragraph 30, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

31.

In response to the allegations of paragraph 31, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

32.

In response to the allegations of paragraph 32, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

33.

The allegations of paragraph 33 are admitted.

34.

In response to the allegations of paragraph 34, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

35.

In response to the allegations of paragraph 35, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

36.

In response to the allegations of paragraph 36, these defendants admit only that Smith, Danley and/or Caldwell placed Martez Wilson in Smith's patrol car. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

37.

In response to the allegations of paragraph 37, these defendants admit only

that the photograph identified as Exhibit 1 in said paragraph is an accurate depiction of the officers moving Martez Wilson to the patrol car.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

38.

In response to the allegations of paragraph 38, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

39.

In response to the allegations of paragraph 39, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied.

40.

In response to the allegations of paragraph 40, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

41.

In response to the allegations of paragraph 41, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

42.

In response to the allegations of paragraph 42, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

43.

In response to the allegations of paragraph 43, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

44.

In response to the allegations of paragraph 44, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are

denied as stated.

45.

In response to the allegations of paragraph 45, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

46.

In response to the allegations of paragraph 46, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

47.

In response to the allegations of paragraph 47, these defendants admit only that EMS was contacted and was requested to come to the scene to examine Martez Wilson and to determine if he needed immediate medical attention at the scene or at a medical facility or whether he was fit for transport to jail; that County EMS personnel arrived, examined Wilson and obtained his oxygen saturation levels and pulse levels; and that they advised Danley and Smith that Wilson was fit for transport to the jail.  Except as expressly admitted herein, the allegations of this

paragraph are denied as stated.

48.

On information and belief, these defendants admit only that Porterfield and Flack responded to the call for EMS.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

49.

In response to the allegations of paragraph 49, these defendants show that any applicable policies and procedures of the Douglas County Fire Department regarding patient care, transport or any other matters will speak for themselves regarding their terms and conditions.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

50.

In response to the allegations of paragraph 50, these defendants admit only that the officers at the scene advised EMS personnel that Wilson had complained that he was having trouble breathing.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

51.

In response to the allegations of paragraph 51, Danley does not recall whether he specifically reported to EMS personnel that he found Wilson lying face

down in the driveway or any other specific details regarding his interactions with Wilson but does recall that he advised said personnel that Wilson had complained that he was having trouble breathing.   In further response, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

### 52.

In response to the allegations of paragraph 52, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 51 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

### 53.

In response to the allegations of paragraph 52, these defendants admit only that Flack and Porterfield examined and made inquiries of Martez Wilson and reported to the officers that Wilson was fit for transport to the jail. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

### 54.

The allegations of paragraph 54 are denied.

55.

In response to the allegations of paragraph 55, these defendants admit only that Porterfield and Flack examined and made inquiries of Martez Wilson and reported to the officers that Wilson was fit for transport to the jail. Except as expressly admitted herein, the allegations of this paragraph 55 are denied as stated.

56.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 56 and, therefore, these defendants can neither admit nor deny the same.

57.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 57 and, therefore, these defendants can neither admit nor deny the same.

58.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 58 and, therefore, these defendants can neither admit nor deny the same.

59.

In response to the allegations of paragraph 59, these defendants admit only

that after Porterfield and Flack examined Martez Wilson, made their medical assessment of his condition and advised the officers at the scene that he was fit for transport to the jail, they left the scene.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

60.

In response to the allegations of paragraph 60, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 59 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

61.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61 and, therefore, these defendants can neither admit nor deny the same.

62.

In response to the allegations of paragraph 62, these defendants re-allege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 19 and 59 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

63.

In response to the allegations of paragraph 63, these defendants admit only that Smith drove Wilson to the Douglasville Police Department in his police vehicle.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

64.

The allegations of paragraph 64 are admitted.

65.

The allegations of paragraph 65 are admitted.

66.

The allegations of paragraph 66 are admitted.

67.

In response to the allegations of paragraph 67, these defendants admit only that Mr. Burroughs was accompanied into the police department to begin the booking process, that Wilson remained in Smith's vehicle and that Wilson was later moved into a jail cell at the police department.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

68.

These defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of paragraph 68 and, therefore, these defendants can neither admit nor deny the same.

69.

The allegations of paragraph 69 are admitted.

70.

In response to the allegations of paragraph 70, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 19 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

71.

In response to the allegations of paragraph 71, these defendants admit only that when officers returned to Mr. Wilson's cell, he was unresponsive and, accordingly, these defendants immediately began to administer aid to Mr. Wilson and called EMS personnel for assistance.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

72.

The allegations of paragraph 72 are denied as stated.

73.

The allegations of paragraph 73 are denied as stated.

74.

In response to the allegations of paragraph 74, these defendants admit only that Exhibit 2 attached to the complaint is a true and correct copy of a photograph of Mr. Wilson being moved to a jail cell. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

75.

In response to the allegations of paragraph 75, Danley shows that he was not aware at the time and is still not aware of whether Wilson was breathing or had a pulse as he was being moved into the jail cell; however, upon determining that he was unresponsive and in need of medical attention, the officers rendered aid and EMS personnel were called to assist. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

76.

In response to the allegations of paragraph 76, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 74 above. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

77.

In response to the allegations of paragraph 77, these defendants re-allege and

incorporate by reference, as if fully set forth herein, their response to paragraphs 74 and 19 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

78.

The allegations of paragraph 78 are admitted.

79.

The allegations of paragraph 79 are admitted.

80.

In response to the allegations of paragraph 80, these defendants admit only that Douglasville received the letter dated July 2, 2015 attached to the complaint as an exhibit.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

81.

In response to the allegations of paragraph 81, these defendants admit only that as of March 3, 2015, Douglasville was the named member under a coverage agreement issued to Douglasville by the Georgia Interlocal Risk Management Agency, that said coverage agreement will speak for itself regarding its terms and conditions and that the declarations page for said coverage agreement is attached as an exhibit to the complaint.  Except as expressly admitted herein, the allegations

of this paragraph are denied as stated.

82.

In response to the allegations of paragraph 82, these defendants show that they are not required to respond to allegations which merely set forth plaintiffs' interpretation of federal or state law.  To the extent that a response is required, the allegations of this paragraph are denied as stated.

83.

In response to the allegations of paragraph 83, these defendants show that they are not required to respond to allegations which merely set forth plaintiffs' interpretation of federal or state law.  To the extent that a response is required, the allegations of this paragraph are denied as stated.

84.

The allegations of paragraph 84 are denied.

85.

The allegations of paragraph 85 are denied.

86.

The allegations of paragraph 86 are denied.

87.

The allegations of paragraph 87 are denied.

88.

The allegations of paragraph 88 are denied.

89.

In response to the allegations of paragraph 89, these defendants show that they are not required to respond to allegations which merely set forth plaintiffs' interpretation of state law. To the extent that a response is required, the allegations of this paragraph are denied as stated.

90.

In response to the allegations of paragraph 90, these defendants show that they are not required to respond to allegations which merely set forth plaintiffs' interpretation of state law. To the extent that a response is required, the allegations of this paragraph are denied as stated.

91.

The allegations of paragraph 91 are denied.

92.

The allegations of paragraph 92 are denied.

93.

In response to the allegations of paragraph 93, these defendants show that any intergovernmental agreement between Lawrenceville and Douglas County, as

referenced in this paragraph, will speak for itself regarding it terms and conditions and any obligations imposed on Douglas County thereunder.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

94.

In response to the allegations of paragraph 94, these defendants admit only that the coverage agreement referenced in response to paragraph 81 above provides coverage for Douglasville, Danley and Smith in connection with the claims asserted against them in the present action.  In further response, these defendants are without knowledge or information sufficient to form a belief whether the subject coverage agreement affords coverage, for purposes of defense or indemnity, to Porterfield or Flack and, therefore, these defendants can neither admit nor deny the same.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

95.

In response to the allegations of paragraph 95, these defendants show that they are not required to respond to allegations which merely set forth plaintiffs' interpretation of federal or state law.  To the extent that a response is required, the allegations of this paragraph are denied as stated.

96.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 96 and, therefore, these defendants can neither admit nor deny the same.

97.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 97 and, therefore, these defendants can neither admit nor deny the same.

98.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 98 and, therefore, these defendants can neither admit nor deny the same.

99.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 99 and, therefore, these defendants can neither admit nor deny the same.

100.

The allegations of paragraph 100 are denied as stated.

101.

The allegations of paragraph 101 are denied as stated to the extent they are directed toward the conduct of any of these defendants.   To the extent that the allegations of this paragraph  are directed to the actions or inactions of anyone other  than  these  defendants,  these  defendants  show  that  they  are  without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of said paragraph and, therefore, can neither admit nor deny the same. Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

102.

The allegations of paragraph 102 are denied.

103.

The allegations of paragraph 103 are denied.

104.

In response to the allegations of paragraph 104, these defendants admit only that Porterfield and Flack, as certified EMS personnel, were made aware by the officers that Martez had complained that he was having trouble breathing; that they performed  their  own  medical  assessment  of  Wilson  based  on  their  training, knowledge and experience, and that they thereafter advised the officers that Wilson

was fit for transport to the jail.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

105.

The allegations of paragraph 105 are denied.

106.

The allegations of paragraph 106 are denied.

107.

The allegations of paragraph 107 are denied.

108.

The allegations of paragraph 108 are denied.

109.

The allegations of paragraph 109 are denied.

110.

In response to the allegations of paragraph 110, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 49 above.   Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

111.

These defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of paragraph 111 and, therefore, these defendants can neither admit nor deny the same.

### 112.

In response to the allegations of paragraph 112, these defendants re-allege and incorporate by reference, as if fully set forth herein, their response to paragraph 49 above.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

### 113.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 113 and, therefore, these defendants can neither admit nor deny the same.

### 114.

In response to the allegations of paragraph 114, these defendants show that they are not required to respond to allegations which merely set forth plaintiffs' interpretation of the legal duties imposed upon Porterfield and/or Flack or with regard to any legal relationship between them and Wilson.  Except as expressly admitted herein, the allegations of this paragraph are denied as stated.

### 115.

These defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of paragraph 115 and, therefore, these defendants can neither admit nor deny the same.

116.

These defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 116 and, therefore, these defendants can neither admit nor deny the same.

117.

The allegations of paragraph 117 are denied as stated.

118.

In response to the allegations of paragraph 118, these defendants show that they are not required to respond to allegations which merely set forth plaintiffs' intentions in bringing the present action or in connection with identification of the claims for which they seek recovery herein.  To the extent that a response is required, these expressly deny that they are liable to plaintiffs pursuant to O.C.G.A. § 13-6-11 or any other state or federal law or statute.

119.

The allegations of paragraph 119 are denied.

120.

In response to the allegations of paragraph 120, these defendants show that

they are not required to respond to allegations which merely provide plaintiffs' interpretation of the laws of the State of Georgia.  To the extent that a response is required, the allegations of this paragraph are denied as stated.

121.

In response to the allegations of paragraph 121, these defendants show that they are not required to respond to allegations which merely identify the claims which they are pursuing against Danley.  To the extent that a response is required, these defendants expressly deny that Danley is liable to plaintiffs in any regard, under the Fourth, Fourteenth or under any other amendments to the Constitution of the United States or otherwise.

122.

The allegations of paragraph 122 are denied.

123.

Any other allegations in the complaint which have not been admitted or otherwise addressed are hereby denied.

**<u>FOURTH DEFENSE</u>**

For a fourth defense, these defendants show that they breached no legal duty owed to plaintiffs or plaintiffs' decedent.

## FIFTH DEFENSE

For a fifth defense, Danley pleads the defense of qualified immunity with regard to all federal claims asserted against him and official function, discretionary immunity with regard to any state law claims asserted against him.

## SIXTH DEFENSE

For a sixth defense, these defendants show that Danley was not deliberately indifferent to any serious medical need of which Danley had actual knowledge.

## SEVENTH DEFENSE

For a seventh defense, these defendants show that Mr. Wilson's death was proximately caused by a medical condition which preceded the events of March 3, 2015and that his death was not proximately caused by any act or omission by these defendants or by virtue of any violation by these defendants of Martez Wilson's constitutional or other federal rights.

## EIGHTH DEFENSE

For an eighth defense, these defendants show that no policy statement, ordinance, regulation, custom or practice of Douglasville was the moving force of any purported violation of any federal rights of plaintiffs or plaintiffs' decedent.

Wherefore, having fully answered, these defendants pray that plaintiffs' complaint against them be dismissed and that they have verdict and judgment

entered in their favor, with all costs cast against plaintiffs; that they have a trial by jury with regard to all triable issues; and that they have such other and further relief as this Court deems just and proper in the circumstances.

This 1st day of May, 2017.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for City of Douglasville, Georgia and Coylee Danley*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA  30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY WILSON and )
KIMBERLY WILSON, the parents of )
Martez Wilson, )
)
        Plaintiffs )
)      CIVIL ACTION FILE NO.
v. )        1:17-cv-00634-ELR
)
CITY OF DOUGLASVILLE, GA, )
OFFICER COYLEE DANLEY, in his )
individual capacity, OFFICER )
ANDREW SMITH, in his individual )
capacity, SGT. CALDWELL, in his )
individual capacity, EMT SEAN )
FLACK, in his individual capacity, )
PARAMEDIC BRIAN )
PORTERFIELD, in his individual )
capacity, )
)
        Defendants. )

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day filed a copy of the foregoing ANSWER

OF CITY OF DOUGLASVILLE, GEORGIA AND COYLEE DANLEY with the

Clerk of Court using the CM/ECF system which automatically sends a service

copy via email notification upon the following counsel of record:

G. Brian Spears
1126 Ponce de Leon Avenue
Atlanta, GA  30306

Jeffrey R. Filipovits
Filipovits Law Firm, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA  30341

Brian R. Dempsey
Quintairos, Prieto, Wood & Boyer, P.A.
1000 Parkwood Circle, Suite 900
Atlanta, GA  30339

Sun S. Choy
Sara E. Brochstein
Freeman, Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948

This 1st day of May, 2017.

/s/ Harvey S. Gray
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for City of Douglasville,*
*Georgia and Coylee Danley*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA  30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com

-36-