## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY WILSON and KIMBERLY WILSON, the parents of Martez Wilson, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: 1:17-cv-00634-ELR |
| CITY OF DOUGLASVILLE, GA, OFFICER COYLEE DANLEY, in his individual capacity, OFFICER ANDREW SMITH, in his individual capacity, SGT. CALDWELL, in his individual capacity, EMT SEAN FLACK, in his individual capacity, and PARAMEDIC BRIAN PORTERFIELD, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ANSWER AND DEFENSES OF DEFENDANT RYAN CADWELL

COMES NOW defendant Sergeant Ryan Cadwell (incorrectly named in plaintiffs' complaint as "Sgt. Caldwell") and submits his answer and defenses to plaintiffs' complaint, showing the Court as follows:

### FIRST DEFENSE

Some or all of plaintiffs' complaint fails to state a claim against this defendant upon which relief can be granted.

## SECOND DEFENSE

The unnumbered text preceding paragraph 1 of plaintiffs' complaint sets forth legal conclusions to which no response is required.  To the extent that a response is required, this defendant specifically denies that plaintiffs have stated a claim against him and denies the remaining allegations contained in the text preceding paragraph 1 of plaintiffs' complaint.

## THIRD DEFENSE

In response to the numbered paragraphs of plaintiffs' complaint, this defendant answers as follows:

## ANSWER TO PARTIES

1.

This defendant can neither admit nor deny the allegations contained in paragraph 1 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

2.

This defendant can neither admit nor deny the allegations contained in paragraph 2 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

3.

This defendant can neither admit nor deny the allegations contained in paragraph 3 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

4.

Responding to the allegations contained in paragraph 4 of plaintiffs' complaint, this defendant admits only that the City of Douglasville is a duly incorporated municipality and that the City operates a police department.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 4 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

5.

This defendant can neither admit nor deny the allegations contained in paragraph 5 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

6.

This defendant can neither admit nor deny the allegations contained in paragraph 6 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

7.

Responding to the allegations contained in paragraph 7 of plaintiffs' complaint, this defendant shows that he has been incorrectly named in plaintiffs' complaint as "Sergeant Caldwell."  Further responding, this defendant admits that at the time of the incident alleged in plaintiffs' complaint, this defendant was on duty pursuant to his employment as a deputy of the Douglas County Sheriff and that he acted within the scope of his discretionary authority as a duly certified and sworn law enforcement officer.  This defendant denies the remaining allegations contained in paragraph 7 of plaintiffs' complaint.

8.

This defendant can neither admit nor deny the allegations contained in paragraph 8 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

9.

This defendant can neither admit nor deny the allegations contained in paragraph 9 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

## ANSWER TO JURISDICTION AND VENUE

### 10.

The allegations contained in paragraph 10 of plaintiffs' complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, this defendant admits that this Court generally has subject matter jurisdiction over claims brought pursuant to 42 U.S.C. § 1983.  This defendant denies that plaintiffs have stated an actionable claim against him and therefore denies the remaining allegations contained in paragraph 10 of plaintiffs' complaint.

### 11.

The allegations contained in paragraph 11 of plaintiffs' complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, this defendant admits that the Court generally has the discretion to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.  This defendant denies that plaintiffs have stated an actionable claim against him and therefore denies the remaining allegations contained in paragraph 11 of plaintiffs' complaint.

### 12.

Responding to the allegations contained in paragraph 12 of plaintiffs' complaint, this defendant admits that the Court has personal jurisdiction over him.

Insofar as the allegations contained in paragraph 12 of plaintiffs' complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiffs upon strict proof of same.

13.

Responding to the allegations contained in paragraph 13 of plaintiffs' complaint, this defendant admits that venue is proper as to him.  Insofar as the allegations contained in paragraph 13 of plaintiffs' complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiffs upon strict proof of same.

**ANSWER TO FACTUAL ALLEGATIONS**

14.

This defendant admits the allegations contained in paragraph 14 of plaintiffs' complaint.

15.

This defendant can neither admit nor deny the allegations contained in paragraph 15 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

16.

This defendant can neither admit nor deny the allegations contained in paragraph 16 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

17.

This defendant can neither admit nor deny the allegations contained in paragraph 17 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

18.

This defendant can neither admit nor deny the allegations contained in paragraph 18 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

19.

This defendant can neither admit nor deny the allegations contained in paragraph 19 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

20.

This defendant can neither admit nor deny the allegations contained in paragraph 20 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

21.

This defendant can neither admit nor deny the allegations contained in paragraph 21 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

22.

This defendant can neither admit nor deny the allegations contained in paragraph 22 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

23.

This defendant can neither admit nor deny the allegations contained in paragraph 23 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

24.

This defendant can neither admit nor deny the allegations contained in paragraph 24 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

25.

This defendant can neither admit nor deny the allegations contained in paragraph 25 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

26.

This defendant can neither admit nor deny the allegations contained in paragraph 26 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

27.

This defendant can neither admit nor deny the allegations contained in paragraph 27 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

28.

This defendant can neither admit nor deny the allegations contained in paragraph 28 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

29.

Responding to the allegations contained in paragraph 29 of plaintiffs' complaint, this defendant admits that when he arrived at the scene, Officer Danley told him that he found Martez Wilson lying face down in the driveway.  This defendant further admits that Mr. Wilson loudly stated that he could not breathe. For lack of sufficient information, this defendant can neither admit nor deny whether Mr. Wilson communicated with other officers before this defendant arrived at the scene.  This defendant specifically denies that the officers "ignored Mr. Wilson" and therefore denies the remaining allegations contained in paragraph 29 of plaintiffs' complaint.

30.

Responding to the allegations contained in paragraph 30 of plaintiffs' complaint, this defendant admits only that upon his arrival at the scene, he confirmed that medical personnel had been summoned.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 30 of plaintiffs'

complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

31.

Responding to the allegations contained in paragraph 31 of plaintiffs' complaint, this defendant admits only that Mr. Wilson loudly stated that he could not breathe, that officers told Mr. Wilson to get up, and that Mr. Wilson did not do so.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 31 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

32.

Responding to the allegations contained in paragraph 32 of plaintiffs' complaint, this defendant admits only that Mr. Wilson stated that he could not breathe.  This defendant specifically denies that Mr. Wilson appeared to be having difficulty with his breathing. This defendant can neither admit nor deny the remaining allegations contained in paragraph 32 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

33.

Responding to the allegations contained in paragraph 33 of plaintiffs' complaint, this defendant admits only that Officer Danley assisted other officers in placing Mr. Wilson in a marked City of Douglasville patrol car.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 33 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

34.

Responding to the allegations contained in paragraph 34 of plaintiffs' complaint, this defendant admits that he told Mr. Wilson to stand up, that Mr. Wilson replied that he could not stand up, and that this defendant asked Mr. Wilson whether he could not stand up because he was in handcuffs.  Further responding, this defendant admits that one of the officers asked, "What's the matter with you?"  For lack of sufficient information, this defendant can neither admit nor deny whether Mr. Wilson was able to stand. This defendant denies in the form and manner alleged the remaining allegations contained in paragraph 34 of plaintiffs' complaint.

35.

Responding to the allegations contained in paragraph 35 of plaintiffs' complaint, this defendant admits only that the recorded dash camera audio from Officer Danley's vehicle accurately represents the statements of the officers and Mr. Wilson in their proper context. For lack of sufficient information, this defendant can neither admit nor deny whether Mr. Wilson was able to move. This defendant denies in the form and manner alleged the remaining allegations contained in paragraph 35 of plaintiffs' complaint.

36.

Responding to the allegations contained in paragraph 36 of plaintiffs' complaint, this defendant admits only that the officers carried Mr. Wilson to a marked City of Douglasville patrol car.  For lack of sufficient information, this defendant can neither admit nor deny whether Mr. Wilson was able to stand when he reached the patrol car, and whether the patrol car was assigned to Officer Smith. This defendant denies the remaining allegations contained in paragraph 36 of plaintiffs' complaint.

37.

Responding to the allegations contained in paragraph 37 of plaintiffs' complaint, this defendant admits only that the photograph marked as Exhibit 1

accurately depicts the officers moving Mr. Wilson to the patrol car.  This defendant

denies in the form and manner alleged the remaining allegations contained in

paragraph 37 of plaintiffs' complaint.

38.

Responding to the allegations contained in paragraph 38 of plaintiffs'

complaint, this defendant admits only that Mr. Wilson did not stand when he

arrived at the patrol car.  For lack of sufficient information, this defendant can

neither admit nor deny whether Mr. Wilson was able to stand when he reached the

patrol car, and whether the patrol car was assigned to Officer Smith.   This

defendant denies the remaining allegations contained in paragraph 38 of plaintiffs'

complaint.

39.

Responding to the allegations contained in paragraph 39 of plaintiffs'

complaint, this defendant admits only that the dash camera audio accurately

depicts the statements of Officer Danley. For lack of sufficient information, this

defendant can neither admit nor deny whether Mr. Wilson was able to exercise

control of his body when he was placed in the patrol car.  This defendant denies

that Mr. Wilson was completely limp as the officers placed him in the patrol car

and denies the remaining allegations contained in paragraph 39 of plaintiffs' complaint.

40.

For lack of sufficient information, this defendant can neither admit nor deny the allegation contained in paragraph 40 of plaintiffs' complaint that Mr. Wilson was unable to move his body on his own when he was placed in the patrol car. This defendant denies the remaining allegations contained in paragraph 40 of plaintiffs' complaint.

41.

For lack of sufficient information, this defendant can neither admit nor deny the allegation contained in paragraph 41 of plaintiffs' complaint that Mr. Wilson was unable to control his movement. This defendant admits that as he secured the seatbelt on Mr. Wilson, this defendant told Mr. Wilson to "sit up," and that the dash camera audio accurately represents the statements of Officer Danley. This defendant specifically denies plaintiffs' allegation that Mr. Wilson's body was not rigid and further denies the remaining allegations contained in paragraph 41 of plaintiffs' complaint.

42.

Responding to the allegations contained in paragraph 42 of plaintiffs' complaint, this defendant admits only that he fastened the seatbelt for Mr. Wilson and that he did not see Mr. Wilson stand up on his own or walk on his own.  For lack of sufficient information, this defendant can neither admit nor deny the allegations contained in paragraph 42 of plaintiffs' complaint regarding the alleged statement of Officer Danley, Mr. Wilson's medical condition, and Mr. Wilson's ability to control his movement.  This defendant specifically denies that Mr. Wilson's medical condition was "visible and obvious" and further denies the remaining allegations contained in paragraph 42 of plaintiffs' complaint.

43.

Responding to the allegations contained in paragraph 43 of plaintiffs' complaint, this defendant admits only that, at various times during the incident, the officers asked questions to Mr. Wilson.  For lack of sufficient information, this defendant can neither admit nor deny the allegations contained in paragraph 43 of plaintiffs' complaint regarding Mr. Wilson's medical condition at the time he was placed in the patrol car.  Because Mr. Wilson did respond to some of the officers' questions, this defendant denies plaintiffs' allegation that Mr. Wilson did not and

could not verbally respond.  This defendant denies the remaining allegations contained in paragraph 43 of plaintiffs' complaint.

44.

This defendant denies in the form and manner alleged the allegations contained in paragraph 44 of plaintiffs' complaint.

45.

This defendant can neither admit nor deny the allegations contained in paragraph 45 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

46.

This defendant can neither admit nor deny the allegations contained in paragraph 46 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

47.

Responding to the allegations contained in paragraph 47 of plaintiffs' complaint, this defendant admits only that the officers called for medical assistance, Mr. Wilson did not move on his own, and Mr. Wilson said that he could not breathe.  For lack of sufficient information, this defendant can neither admit nor deny the allegations contained in paragraph 47 of plaintiffs' complaint

regarding Mr. Wilson's ability to speak and Mr. Wilson's medical condition.  This defendant denies the remaining allegations contained in paragraph 47 of plaintiffs' complaint.

48.

Responding to the allegations contained in paragraph 48 of plaintiffs' complaint, this defendant admits only that two employees of the Douglas County Fire Department responded to the officers' call for EMS to come to the scene. This defendant can neither admit nor deny the remaining allegations contained in paragraph 48 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

49.

This defendant can neither admit nor deny the allegations contained in paragraph 49 of plaintiffs' complaint (including subparts "a" through "f" thereof) for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

50.

Responding to the allegations contained in paragraph 50 of plaintiffs' complaint, this defendant admits only that officers told EMS personnel that Mr.

Wilson stated that he could not breathe.  This defendant denies the remaining allegations contained in paragraph 50 of plaintiffs' complaint.

51.

This defendant denies the allegations contained in paragraph 51 of plaintiff's complaint insofar as those allegations are directed at him.  Insofar as the allegations contained in paragraph 51 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

52.

Responding to the allegations contained in paragraph 52 of plaintiffs' complaint, this defendant denies that Mr. Wilson was "unresponsive throughout" the incident.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 52 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

53.

Responding to the allegations contained in paragraph 53 of plaintiffs' complaint, this defendant shows that EMS personnel examined Mr. Wilson and

reported to the officers that Wilson could be transported to jail. This defendant can neither admit nor deny the allegations contained in the first two sentences of paragraph 53 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.  This defendant denies the allegations contained in the third sentence of paragraph 53 of plaintiff's complaint insofar as those allegations are directed at him.  Insofar as the allegations contained in the third sentence of paragraph 53 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

54.

This defendant denies the allegations contained paragraph 54 of plaintiff's complaint insofar as those allegations are directed at him.   Insofar as the allegations contained in paragraph 54 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

55.

Responding to the allegations contained in paragraph 55 of plaintiffs' complaint, this defendant admits only that Mr. Wilson was sitting upright and was buckled with a safety belt when EMS personnel examined him. Further responding, this defendant shows that EMS personnel examined Mr. Wilson and reported to the officers that Wilson was fit to be transported to jail. This defendant can neither admit nor deny the remaining allegations contained in paragraph 55 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

56.

This defendant can neither admit nor deny the allegations contained in paragraph 56 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

57.

This defendant can neither admit nor deny the allegations contained in paragraph 57 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

58.

This defendant can neither admit nor deny the allegations contained in paragraph 58 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

59.

Responding to the allegations contained in paragraph 59 of plaintiffs' complaint, this defendant admits only that EMS personnel did not transport Mr. Wilson from the scene of his arrest.  Further responding, this defendant shows that EMS personnel left the scene after examining Mr. Wilson and reporting to the officers that Wilson was fit to be transported to jail.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 59 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

60.

Responding to the allegations contained in paragraph 60 of plaintiffs' complaint, this defendant admits only that EMS personnel examined Mr. Wilson and reported that Wilson was fit to be transported to jail.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 60 of

plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

61.

This defendant can neither admit nor deny the allegations contained in paragraph 61 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

62.

Responding to the allegations contained in paragraph 62 of plaintiffs' complaint, this defendant specifically denies that EMS personnel asked him what medical assistance should be provided to Mr. Wilson.  This defendant further denies that he told EMS personnel not to provide further medical assistance to Mr. Wilson.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 62 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

63.

Responding to the allegations contained in paragraph 63 of plaintiffs' complaint, this defendant admits only that after EMS personnel left, one of the City of Douglasville police officers transported Mr. Wilson from the scene in a patrol

car.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 63 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

64.

Responding to the allegations contained in paragraph 64 of plaintiffs' complaint, this defendant admits only the City of Douglasville police officers transported Mr. Wilson from the scene in a patrol car.  This defendant can neither admit nor deny the remaining allegations contained in paragraph 64 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

65.

This defendant can neither admit nor deny the allegations contained in paragraph 65 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

66.

This defendant can neither admit nor deny the allegations contained in paragraph 66 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

67.

This defendant can neither admit nor deny the allegations contained in paragraph 67 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

68.

This defendant can neither admit nor deny the allegations contained in paragraph 68 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

69.

This defendant can neither admit nor deny the allegations contained in paragraph 69 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

70.

This defendant can neither admit nor deny the allegations contained in paragraph 70 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

71.

This defendant can neither admit nor deny the allegations contained in paragraph 71 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

72.

This defendant can neither admit nor deny the allegations contained in paragraph 72 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

73.

This defendant can neither admit nor deny the allegations contained in paragraph 73 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

74.

This defendant can neither admit nor deny the allegations contained in paragraph 74 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

75.

This defendant can neither admit nor deny the allegations contained in paragraph 75 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

76.

This defendant can neither admit nor deny the allegations contained in paragraph 76 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

77.

This defendant can neither admit nor deny the allegations contained in paragraph 77 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

78.

This defendant can neither admit nor deny the allegations contained in paragraph 78 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

79.

This defendant can neither admit nor deny the allegations contained in paragraph 79 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

## **ANSWER TO COUNT I**

*Negligence and Abuse in Being Arrested against the City of Douglasville for the Actions of Danley and Smith*

80.

This defendant can neither admit nor deny the allegations contained in paragraph 80 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

81.

This defendant can neither admit nor deny the allegations contained in paragraph 81 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

82.

This defendant can neither admit nor deny the allegations contained in paragraph 82 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

83.

This defendant can neither admit nor deny the allegations contained in paragraph 83 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

84.

This defendant can neither admit nor deny the allegations contained in paragraph 84 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

85.

This defendant can neither admit nor deny the allegations contained in paragraph 85 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

86.

This defendant denies the allegations contained paragraph 86 of plaintiff's complaint insofar as those allegations are directed at him. Insofar as the allegations contained in paragraph 86 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

87.

This defendant can neither admit nor deny the allegations contained in paragraph 87 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

88.

This defendant can neither admit nor deny the allegations contained in paragraph 88 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

89.

This defendant can neither admit nor deny the allegations contained in paragraph 89 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

90.

The allegations contained in paragraph 90 of plaintiffs' complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, this defendant denies that plaintiffs have stated a claim against him under the Georgia Constitution.

91.

This defendant can neither admit nor deny the allegations contained in paragraph 91 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

92.

This defendant can neither admit nor deny the allegations contained in paragraph 92 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

## ANSWER TO COUNT II
*Negligence*
*against the City of Douglasville for the Actions of Porterfield and Flack*

93.

This defendant can neither admit nor deny the allegations contained in paragraph 93 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

94.

This defendant can neither admit nor deny the allegations contained in paragraph 94 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

95.

This defendant can neither admit nor deny the allegations contained in paragraph 95 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

96.

This defendant can neither admit nor deny the allegations contained in paragraph 96 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

97.

This defendant can neither admit nor deny the allegations contained in paragraph 97 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

98.

This defendant can neither admit nor deny the remaining allegations contained in paragraph 98 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

99.

This defendant can neither admit nor deny the allegations contained in paragraph 99 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

100.

This defendant can neither admit nor deny the allegations contained in paragraph 100 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

## ANSWER TO COUNT III

*Deliberate Indifference to Medical Needs Under the Fourth and Fourteenth Amendments of the United States Constitution*
*against Officer Danley, Officer Smith, and Sgt. Caldwell [sic], and Defendants Porterfield and Flack*

101.

This defendant denies the allegations contained paragraph 101 of plaintiff's complaint insofar as those allegations are directed at him.   Insofar as the allegations contained in paragraph 101 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

102.

This defendant denies the allegations contained paragraph 102 of plaintiff's complaint insofar as those allegations are directed at him.   Insofar as the allegations contained in paragraph 102 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

103.

This defendant denies the allegations contained paragraph 103 of plaintiff's complaint insofar as those allegations are directed at him.   Insofar as the allegations contained in paragraph 103 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

104.

Responding to the allegations contained in paragraph 104 of plaintiffs' complaint, this defendant admits only that EMS personnel examined Mr. Wilson after officers told EMS personnel that Mr. Wilson complained of trouble breathing. This defendant can neither admit nor deny the remaining allegations contained in

paragraph 104 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

105.

This defendant denies the allegations contained paragraph 105 of plaintiff's complaint insofar as those allegations are directed at him. Insofar as the allegations contained in paragraph 105 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

106.

This defendant denies the allegations contained paragraph 106 of plaintiff's complaint insofar as those allegations are directed at him. Insofar as the allegations contained in paragraph 106 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

107.

This defendant can neither admit nor deny the allegations contained in paragraph 107 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

108.

This defendant can neither admit nor deny the allegations contained in paragraph 108 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

109.

This defendant denies the allegations contained paragraph 109 of plaintiff's complaint insofar as those allegations are directed at him.   Insofar as the allegations contained in paragraph 109 of plaintiff's complaint are directed at any other defendant, this defendant can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof and puts plaintiff upon strict proof of same.

## ANSWER TO COUNT IV
*Breach of Ministerial Duty*
*against EMS Flack and Paramedic Porterfield*

110.

This defendant can neither admit nor deny the allegations contained in paragraph 110 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

111.

This defendant can neither admit nor deny the allegations contained in paragraph 111 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

112.

This defendant can neither admit nor deny the allegations contained in paragraph 112 of plaintiffs' complaint (including subparts "a" through "f" thereof) for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

113.

This defendant can neither admit nor deny the allegations contained in paragraph 113 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

114.

This defendant can neither admit nor deny the allegations contained in paragraph 114 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

115.

This defendant can neither admit nor deny the allegations contained in paragraph 115 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

116.

This defendant can neither admit nor deny the allegations contained in paragraph 116 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

117.

This defendant can neither admit nor deny the allegations contained in paragraph 117 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

## ANSWER TO COUNT V
*Expenses of Litigation under OCGA § 13-6-11*

118.

The allegations contained in paragraph 118 of plaintiffs' complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, this defendant denies that plaintiffs have stated a claim against him under O.C.G.A. § 13-6-11.

119.

The allegations contained in paragraph 119 of plaintiffs' complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, this defendant denies that plaintiffs have stated a claim against him under O.C.G.A. § 13-6-11.

120.

The allegations contained in paragraph 120 of plaintiffs' complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, this defendant denies that plaintiffs have stated a claim against him under O.C.G.A. § 13-6-11.

## ANSWER TO COUNT VI
*Punitive Damages*

### 121.

The allegations contained in paragraph 121 of plaintiffs' complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, this defendant responds by stating that he can neither admit nor deny the allegations contained in paragraph 121 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

### 122.

This defendant can neither admit nor deny the allegations contained in paragraph 122 of plaintiffs' complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiffs upon strict proof of the same.

## ANSWER TO REQUESTS FOR RELIEF

### 123.

Responding to the allegations contained in the unnumbered paragraph following paragraph 122 of plaintiffs' complaint beginning "WHEREFORE," and constituting plaintiffs' prayer for relief, this defendant denies all such allegations including subparagraphs a) through f) thereof and specifically denies that plaintiffs

are entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

124.

Except as expressly admitted, denied, or otherwise responded to, this defendant denies all allegations contained in plaintiffs' complaint.

## FOURTH DEFENSE

The claims and allegations in plaintiffs' complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983 against this defendant, as any deprivation alleged therein does not rise to the level of a constitutional tort.

## FIFTH DEFENSE

This defendant shows that plaintiffs' decedent was not deprived of any constitutionally protected rights, nor did this defendant violate the rights of plaintiffs' decedent under any laws of the United States or the State of Georgia.

## SIXTH DEFENSE

This defendant asserts the defenses of sovereign, qualified, and official immunity to the fullest extent provided by law.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery or at trial, this defendant asserts the affirmative defenses of assumption of the risk,

contributory/comparative negligence, failure of plaintiffs' decedent to exercise ordinary care for his own safety, failure of plaintiffs' decedent to avoid consequences, failure to mitigate damages, estoppel, illegality, laches, last clear chance, res judicata, statute of limitations, and waiver.

## EIGHTH DEFENSE

The alleged injuries and damages sustained by plaintiffs' decedent resulted solely from the voluntary and intentional conduct of plaintiffs' decedent and others, and not from any conduct of this defendant.

## NINTH DEFENSE

This defendant shows that under all of the facts and circumstances, his conduct was discretionary in nature, was not in violation of any clearly established constitutional right of which a reasonable officer would have had fair notice, and was likewise objectively reasonable, thereby entitling him to qualified immunity.

## TENTH DEFENSE

This defendant did not breach any duty he may have owed to plaintiffs' decedent based upon the allegations contained in plaintiffs' complaint.

## ELEVENTH DEFENSE

To the extent that plaintiffs have attempted to assert claims against this defendant in his official capacity, this defendant asserts the defenses of Eleventh

Amendment immunity and sovereign immunity to the fullest extent allowed by law.

## **TWELFTH DEFENSE**

This defendant reserves the right to plead and prove such other defenses as may become known to him during the course of his investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered plaintiffs' complaint, this defendant prays as follows:

(a)   That judgment be entered in favor of this defendant and against plaintiffs on the complaint;

(b)   That the costs of this action, including attorney's fees, be cast against plaintiffs; and

(c)   That the Court grant such other and further relief as it may deem just and proper.

Respectfully submitted this 1st day of May, 2017.

*/s/ Brian R. Dempsey*
Brian R. Dempsey
Georgia Bar No. 217596
brian.dempsey@qpwblaw.com

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
1000 Parkwood Circle, Suite 900
Atlanta, Georgia, 30339
(770) 661-0529 telephone
(770) 661-8529 facsimile

Attorneys for Defendant Sergeant Ryan Cadwell

**THIS DEFENDANT DEMANDS A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

## <ins>CERTIFICATE OF SERVICE</ins>

I hereby certify that I have this day electronically submitted the foregoing **ANSWER AND DEFENSES OF DEFENDANT RYAN CADWELL** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

G. Brian Spears
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306

Jeffrey R. Filipovits
Filipovits Law, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, Georgia 30341

Sun S. Choy
Sara E. Brochstein
Freeman, Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

Harvey S. Gray
Dianna J. Lee
Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA 30326

This 1st day of May, 2017.

/s/ Brian R. Dempsey
Brian R. Dempsey
Georgia Bar No. 217596
brian.dempsey@qpwblaw.com