IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY WILSON and KIMBERLY WILSON, the parents of Martez Wilson, | ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 1:17-cv-00634-ELR |
| CITY OF DOUGLASVILLE, GA, OFFICER COYLEE DANLEY, in his individual capacity, OFFICER ANDREW SMITH, in his individual capacity, SGT. CALDWELL, in his individual capacity, EMT SEAN FLACK, in his individual capacity, PARAMEDIC BRIAN PORTERFIELD, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW the parties in the above-styled civil action and present their

Joint Preliminary Report and Discovery Plan as follows:

**1.** **Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiffs filed the above-captioned action seeking to recover damages under

state law and § 1983 arising out of the death of Martez Wilson while in custody.

Defendants deny the material allegations of the complaint and deny any and all liability to plaintiff.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>By the Plaintiff:</u>

On March 3, 2015, Martez Wilson, the son of Anthony Wilson and his wife, Kimberly Wilson, was found by Officer Danley lying face down in a driveway in a residential neighborhood of Douglasville, Georgia.  Danley got out of his car and approached Mr. Wilson.  As Danley approached, Wilson was not moving.  Wilson's pants were at his ankles and his underwear was below his crotch, around mid-thigh.  Danley knew nothing about Wilson nor why Wilson was lying in the driveway.

Wilson had collapsed onto the pavement and was unable to move. When Danley demanded that Wilson put his arms behind his back, Wilson said "I can't" and did not move.  Danley ignored the obvious objective facts reflecting that Wilson was in a medical crisis.   Danley handcuffed Wilson without any difficulty.

Over the course of many minutes, Danley repeatedly demanded that Wilson get up.  Wilson was unable to do so and repeatedly told Wilson that he was not able to breathe.  Defendants Smith and Caldwell arrived and saw that

Wilson did not and could not get up.  All three officers, Smith, Caldwell and Danley eventually lifted Mr. Wilson by his arms and legs and carried him to Smith's patrol car.  When they reached the car, Wilson was unable to stand.

The officers lifted Wilson from the ground and into the patrol car. Wilson was unable to control over his body.  Although Wilson was unable to sit up on his own,  Danley falsely accused Wilson of not being cooperative, and declared that Wilson was simply being an "idiot," that he was "being a fucking idiot." And was a "fucking retard."  There was no point in time prior to being strapped into the back seat of Smith's car that Wilson was able to stand on his own or walk on his own or able to move his arms or legs on his own power.  His inability to move and his helplessness were visible and obvious to Danley, Smith and Caldwell.  Indeed, Wilson was slowing dying because of lack of oxygen to his brain.

Eventually one of the three officers initiated a call for EMS to come to the scene of the arrest. Defendants Porterfield and Flack of the Douglas County Fire Department were dispatched.  When they arrived, the officers misrepresented the severity of Mr. Wilson's condition and claimed, in effect, that Wilson was simply faking his complaints because he was afraid of going to jail or simply did not want to go to jail.  Wilson did not respond to

questions put to him by Porterfield and Flack; he was strapped into the back seat of Smith's patrol car to keep him erect, but he did not move.  Even though Wilson was in a medical crisis and needed emergency medical diagnosis and treatment, Flack and Porterfield did not conduct the assessment of his symptoms called for by their policies and procedures.  They did not prepare any report or record of their contact with Wilson as related to what they saw or did until they knew that Wilson had died.

After Porterfield and Flack left the scene of the arrest, Wilson remained motionless in the back seat of the patrol car.   Smith drove Wilson to the Douglasville Police Department's lock up.  Once Smith arrived, he and Danley removed Wilson's lifeless body from the patrol car.  The officers then pulled Wilson into the jail by dragging him by his arms along the floor.  Wilson was then dragged along the floor of the booking area and into a holding cell.  Wilson was not breathing, he had no pulse.

As Wilson laid on the floor of the holding cell, Smith and Danley confirmed that he had no pulse and placed a radio call for medical assistance.  Douglas County Fire Department medical personnel came to the jail and were unsuccessful in resuscitating Mr. Wilson.

**By Defendants Douglasville, Danley, and Smith:**

On March 3, 2015, defendants Danley and Smith were dispatched in response to a commercial burglary in progress, after which the burglary suspects fled the scene. Following a search for the burglary suspects in the surrounding area, Danley found Wilson lying in a driveway located at 8465 Lynn Avenue with his pants down around his ankles, and based on the description of the burglary suspects, determined that Wilson was one of the suspects and arrested Wilson on the charge of burglary. At the time of his arrest, Wilson was conscious, alert, and breathing, and was uncooperative when Danley attempted to escort him to his patrol vehicle.

Wilson began to state that he was having difficulty breathing. In response to Wilson's medical complaints, within five (5) minutes of Wilson's arrest, Smith requested the assistance of EMTs to evaluate Wilson's complaints regarding his breathing. EMTs Porterfield and Flack arrived at the scene and evaluated Wilson, who was conscious and sitting upright in the back seat of a patrol vehicle. Based on their physical evaluation of Wilson, including taking an O2 saturation reading which revealed normal levels, the EMTs determined that there was no evidence that Wilson was experiencing respiratory problems and advised Danley and Smith that Wilson was

medically cleared for transport to the jail. Upon their arrival at the jail, it was discovered that Wilson was unresponsive and was not breathing. Wilson's autopsy reveals that the cause of death was exercise-induced sickle cell crisis resulting from Wilson's flight on foot after the attempted burglary, which lowered Wilson's threshold to develop sickling thereby leading to a sudden death.

These defendants assert that the complaint fails to state a claim against them upon which relief can be granted. These defendants further submit that they did not violate the constitutional or other rights of plaintiffs or plaintiffs' decedent in any manner. The individually-named defendant(s) assert the defenses of qualified immunity with respect to all federal claims asserted against them and official function, discretionary immunity with regard to any state law claims. These defendants further assert that no policy statement, custom, practice, regulation, or usage of Douglasville was the moving force of any alleged violation of plaintiff's constitutional or other federal rights, and that Douglasville breached no legal duty owed to Wilson or plaintiffs, under the Constitution and laws of the United States, the Constitution and laws of the State of Georgia or otherwise.

**By Defendants Flack and Porterfield:**

Defendants Porterfield and Flack responded to a call for medical assistance with a male in police custody for attempted burglary. The arrestee had reportedly complained of difficulty breathing. Upon arrival, Porterfield and Flack observed the arrestee (Wilson) sitting in a police vehicle, strapped in by his seatbelt, staring directly ahead with his eyes open. Porterfield performed an initial assessment of Wilson's chest and pupils and measured Wilson's oxygen level with a pulse oximeter. Porterfield and Flack determined that Wilson was not experiencing respiratory problems and advised the officers at the scene that Wilson was medically cleared for transport to the jail.

Porterfield and Flack later responded to a call for medical assistance with a detainee at Douglasville County Jail. Upon arrival, Porterfield and Flack found Wilson unresponsive and he was pronounced dead.

**By Defendant Cadwell:**

Sergeant Ryan Cadwell of the Douglas County Sheriff's Office arrived at the scene of Wilson's arrest at approximately 12:33 a.m. on March 3, 2015. Wilson had already been handcuffed when Cadwell arrived. Upon hearing Wilson's complaint that he was having trouble breathing, Cadwell

immediately confirmed that paramedics had been called. Cadwell helped Douglasville officers Danley and Smith carry Wilson to Smith's patrol car.

After paramedics examined Wilson, they told Cadwell and the other officers that Wilson was fit to be transported to jail.  Cadwell left the scene at approximately 12:53 a.m. and had no further contact with Wilson.

 (c) The legal issues to be tried are as follows:

<u>**By Plaintiff:**</u>

1. **Whether Defendants City of Douglasville, Danley and/or Smith are liable for the negligence of Danley or Smith in their treatment of Mr. Wilson pursuant to Georgia law;**

2. **Whether Defendants City of Douglasville, Danley and/or Smith are liable for the alleged abuse of Wilson in the course of his being arrested pursuant to Georgia law;**

3. **Whether Defendants City of Douglasville, Porterfield, or Flack are subject to liability for the alleged negligence of Porterfield and Flack pursuant to Georgia law;**

4. **Whether Danley, Smith, Caldwell, Porterfield and/or Flack's actions constituted deliberate indifference to the medical needs of Mr. Wilson pursuant to the Constitution of the United States;**

5. **Whether Flack and/or Porterfield negligently breached or failed to perform ministerial duties established by the policies and procedures of the Douglas County Fire Department giving rise to liability by operation of Georgia law;**

6. **Whether the City of Douglasville and/or Danley are liable for Plaintiff's attorney's fees under O.C.G.A. 13-6-11;**

7. **Whether the individual defendants acted with such recklessness or indifference to Mr. Wilson's need for medical treatment to authorize a Jury to impose punitive damages.**

## By Defendants Douglasville, Danley, and Smith:

1. **Whether Danley and Smith violated Wilson's rights or breached any duties owed to Wilson under the U.S. Constitution or Georgia law;**

2. **Whether Danley and Smith are entitled to qualified immunity for plaintiff's federal law claims;**

3. **Whether Danley and Smith are entitled to official immunity for plaintiffs' state law claims;**

4. **Whether Douglasville had an official policy or custom which was the moving force behind the constitutional violations alleged in the complaint; and**

5. **Whether plaintiffs are entitled to damages, and if so, the extent of such damages.**

## By Defendants Flack and Porterfield:

1. **Whether Plaintiffs' complaint states a claim against Defendants Porterfield and Flack upon which relief can be granted;**

2. **Whether Wilson's constitutional rights were violated;**

3. **If Wilson's constitutional rights were violated, whether Defendants Porterfield and Flack are entitled to qualified immunity from suit as to Plaintiffs' federal claims;**

4. **Whether Defendants Porterfield and Flack are entitled to official immunity from suit as to Plaintiffs' state claims;**

**5. Whether Plaintiffs' state claims are barred by the provisions of O.C.G.A. § 31-11-8; and**

**6. Whether Plaintiffs are entitled to their alleged damages.**

**By Defendant Cadwell:**

**1. Whether Cadwell violated Wilson's rights under the Fourth and Fourteenth Amendments to the United States Constitution;**

**2. Whether Cadwell is entitled to qualified immunity from plaintiffs' federal claim against him; and**

**3. Whether plaintiffs are entitled to damages, and if so, the extent of such damages.**

**(d) The cases listed below (include both style and action number) are:**

    (1)    Pending Related Cases:

           **None.**

    (2)    Previously Adjudicated Related Cases:

           **None.**

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

<u>XXX</u>  (1) Unusually large number of parties

<u>_____</u>  (2) Unusually large number of claims or defenses

<u>XXX</u>  (3) Factual issues are exceptionally complex

<u>_____</u>  (4) Greater than normal volume of evidence

<u>XXX</u>  (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____ (10) Existence of highly technical issues and proof

_____ (11) Unusually complex discovery of electronically stored information

**3.      Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**<u>Plaintiff</u>:**

G. Brian Spears
1126 Ponce de Leon Avenue
Atlanta, GA  30306
404-872-7086
404-892-1128 (fax)
bspears@mindspring.com

Jeffrey R. Filipovits
FILIPOVITS LAW FIRM, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA  30341
770-455-1350
jeff@law.filipovits.com
jrfilipovits@gmail.com

**Defendants Douglasville, Danley, and Smith:**

Harvey S. Gray
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA 30326
404-870-7376
404-870-7374 (fax)
hgray@grsmb.com

**Defendants Porterfield and Flack:**

Sun S. Choy
FREEMAN, MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
770-818-0000
770-818-1412 (Choy Direct)
404-587-6387 (Choy Cell)
770-937-9960 (fax)
schoy@fmglaw.com

**Defendant Cadwell:**

Brian R. Dempsey
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
1000 Parkwood Circle, Suite 900
Atlanta, GA  30339
770-661-0529
678-784-4026 (direct)
770-661-8529 (fax)
brian.dempsey@qpwblaw.com

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.  Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**Plaintiffs anticipate moving to add the Estate of Martez Wilson as a party Plaintiff whose claims arise from the same operative set of facts as the wrongful death claim of the Plaintiffs.**

(b) The following persons are improperly joined as parties:

**None known at this time.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Sergeant Ryan Cadwell has been incorrectly named in plaintiffs' complaint as "Sgt. Caldwell."**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.  Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

-13-

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Plaintiffs anticipate amendment the Complaint to present the claims of the Estate of Martez Wilson.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

-14-

**The parties do not object to Initial Disclosures**.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues to be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties will need to conduct discovery with respect to all issues and defenses raised in the Complaint and Answers.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Due to the number and complex nature of the claims and defenses asserted in this case, the parties jointly request an (8) month period in which**

**to complete discovery.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

(b) Is any party seeking discovery of electronically stored information?

__X__ Yes        ____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties do not anticipate any electronic discovery requiring any type of forensic, keyword, or metadata searches, and will be limited to the scope of discovery typically utilized for non-ESI documents.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Electronic information that can be produced in PDF or paper format will be produced either via email, on a disk, or on paper. The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native format and the original metadata information. Parties agree to provide reasonable notice of the need for an additional production method. The parties have preserved all discoverable electronic matters from spoliation including all electronic communications.**

(3)  In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**The parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the parties will not require a scheduling conference.**

**12.      Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None known at this time.**

**13.      Settlement Potential:**

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **<u>May 16, 2017</u>** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**
**Counsel (signature): <u>/s/ G. Brian Spears</u>**

**For Defendants Douglasville, Danley, and Smith:**
**Counsel (signature): <u>/s/ Dianna J. Lee</u>**

**For Defendants Porterfield and Flack:**
**Counsel (signature): <u>/s/ Sara E. Brochstein</u>**

**For Defendant Cadwell:**
**Counsel (signature): <u>/s/ Brian R. Dempsey</u>**

(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

_____  A possibility of settlement before discovery.

  _X_  A possibility of settlement after discovery.

  ____  A possibility of settlement, but a conference with the judge is needed.

  ____  No possibility of settlement.

(c) Counsel _____ do or __X__ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is likely a date in _____.

(d) The following specific problems have created a hindrance to settlement of this case.

**None known at this time.**

## 14.  Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties ____ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20_____.

(b) The parties __**X**__ do not consent to having this case tried before a magistrate judge of this court.

This 1st day of June, 2017.

**For Plaintiffs Anthony and Kimberley Wilson:**

/s/ G. Brian Spears
G. Brian Spears
Georgia Bar No. 670112
1126 Ponce de Leon Avenue
Atlanta, GA  30306
404-872-7086
404-892-1128 (fax)
bspears@mindspring.com

/s/ Jeffrey R. Filipovits
Jeffrey R. Filipovits
Georgia Bar No. 825553
FILIPOVITS LAW FIRM, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA  30341
770-455-1350
jeff@law.filipovits.com
jrfilipovits@gmail.com

**For Defendant Cadwell:**

/s/ Brian R. Dempsey
Brian R. Dempsey
Georgia Bar No. 217596
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
1000 Parkwood Circle, Suite 900
Atlanta, GA  30339
770-661-0529
678-784-4026 (direct)
404-697-5592 (cell)
770-661-8529 (fax)
brian.dempsey@qpwblaw.com

**For Defendants Douglasville, Danley, and Smith:**

/s/ Dianna J. Lee
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
hgray@grsmb.com
dlee@grsmb.com

**For Defendants Porterfield and Flack:**

/s/ Sara E. Brochstein
Sun S. Choy
Georgia Bar No. 025148
Sara E. Brochstein
Georgia Bar No. 446366
FREEMAN, MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
770-818-0000
770-818-1412 (Choy Direct)
404-587-6387 (Choy Cell)
770-937-9960 (fax)
schoy@fmglaw.com
sbrochstein@fmglaw.com

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this ____ day of _____, 2017.

_____
HONORABLE ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTHONY WILSON and<br>KIMBERLY WILSON, the parents of<br>Martez Wilson,<br><br>     Plaintiffs<br><br>v.<br><br>CITY OF DOUGLASVILLE, GA,<br>OFFICER COYLEE DANLEY, in his<br>individual capacity, OFFICER<br>ANDREW SMITH, in his individual<br>capacity, SGT. CALDWELL, in his<br>individual capacity, EMT SEAN<br>FLACK, in his individual capacity,<br>PARAMEDIC BRIAN<br>PORTERFIELD, in his individual<br>capacity,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO.<br>1:17-cv-00634-ELR |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date electronically filed the foregoing

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk

of the Court using the CM/ECF system which will automatically send email

notification of such filing to the following attorneys of record:

Jeffrey R. Filipovits
Filipovits Law Firm, P.C.
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA  30341
*Attorney for Plaintiffs*

Sun S. Choy
Sara E. Brochstein
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
*Attorneys for Flack and Porterfield*

G. Brian Spears
1126 Ponce de Leon Avenue
Atlanta, GA  30306
*Attorney for Plaintiffs*

Brian R. Dempsey
Quintairos, Prieto, Wood & Boyer, P.A.
1000 Parkwood Circle, Suite 900
Atlanta, GA  30339
*Attorney for Cadwell*

This 1st day of June, 2017.

/s/ Dianna J. Lee
Harvey S. Gray
Georgia Bar No. 305838
Dianna J. Lee
Georgia Bar No. 163391
*Attorneys for Defendants*
*Douglasville, Danley, and Smith*

GRAY, RUST, ST. AMAND, MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia  30326
(404) 870-7376 (Gray)
(404) 870-5955 (Lee)
(404) 870-7374 (Fax)
hgray@grsmb.com
dlee@grsmb.com

i:\604\342 - martez wilson v. city of douglasville\pleadings\y - joint preliminary report and scheduling order - consolidated.docx