IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHONY WILSON and KIMBERLY WILSON, the parents of Martez Wilson, and the ESTATE OF MARTEZ WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DOUGLASVILLE, GA, OFFICER COYLEE DANLEY, et al.,<br><br>    Defendants. | Case No.<br>1:17-CV-00634-WMR |

**PLAINTIFFS' MOTION TO VACATE OR REDUCE BILL OF COSTS OF DEFENDANTS PORTERFIELD AND FLACK**

INTRODUCTION

The overarching issue presented by Porterfield and Flack's Bill of Costs is whether they have affirmatively demonstrated that the costs for which they seek recovery are firmly authorized by 28 U.S.C. § 1920.

Although costs – other than attorney's fees – should be allowed to the prevailing party, Fed. R. Civ. P. 54 (d), federal courts may not award any costs in the absence of "explicit statutory or contractual authorization" and are "bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer L.P. v. MPW*

*Indus. Servs., Inc.,* 249 F.3d 1293, 1296 (per curiam) (11th Cir. 2001).

Taxable costs under § 1920 are limited to the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of title 28; and, (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28.

Even though the costs described in Section 1920 "should" be allowed, the district court is vested with the discretion to deny costs in appropriate circumstances. *Marx v. General Revenue Corp.,* 568 U.S. 371, 377 (2013). This is so because the district court has substantial discretion in awarding costs. *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000). The court's discretion is grounded in the permissive terms used in the phrasing of Rule 54(d), and that discretion even extends to the discretion to refuse to tax costs altogether in favor of the prevailing party. *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 762 (8th Cir. 2006).

The burden of proving the appropriateness of and the amount of compensable costs and expenses lies with the party seeking those costs. *In re Williams Sec. Litg. WCG Sub class* – 558 F.3d 1144, 1148 (10th Cir., 2009). Items proposed by prevailing parties "as costs should always be given careful scrutiny." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996). The "discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Morris v. Carnathan*, 63 F.R.D. 374, 376 (N.D.Miss. 1974)

## COSTS OF TRANSCRIPTS

The Defendants seek payment for costs associated with a total of eleven depositions, including those of two persons identified by Plaintiffs as potential expert witnesses, Dr. Kris Sperry and Robert Krause. Plaintiffs' objections and comments will be addressed in the same order as presented by Defendants in their "Exhibit A" to their Memorandum of Law. D.E. 183-1.

<u>Danley and Cadwell Depositions</u>

Defendants seek $527.95 for their copy of the Danley Deposition. Plaintiffs object to that amount being awarded as a cost. That amount is inflated in two respects. Firstly, the actual charge shown on the invoice for the deposition is

$506.20. Secondly, the $506.20 was only owed and paid by the Defendants in the event that, for their convenience, the Defendants did not pay the invoice within thirty-five days. The invoice for the Danley deposition charge reflects that if the invoice was paid by December 4, 2017, the entire deposition bill would be reduced from just over $763.00 to around $698.00, or a reduction of 8.5%. If Danley's deposition had been paid in a timely manner, then the actual cost of a copy of his deposition would have been $463.00, and that is the total that should be allowed for the Danley transcript. See, *Mowell v. City of Milton, et.al.*, Civil Action No. 1:18:cv-00605-CAP, ORDER, 10/22/19, at p. 9, sustaining "plaintiff's objection to paying the post-30-day rate" for transcripts.

Defendants seek $235.95 for the Cadwell deposition transcript even though the actual charge shown on the invoice is only $214.20. Here again, the Defendants apparently failed, for their personal convenience, to pay this invoice in a timely manner. If they had paid the invoice by December 4, 2017, the $214.20 figure would have been reduced by 8.5%, putting the cost of Cadwell's deposition at $196.00. $196.00 is all that should be allowed.

The Defendants seek the "full" charges for the depositions as if they paid the deposition invoices after the grace period of December 4, 2017. But the Defendants fail to show the amount they actually paid or when – which means that

it is just as possible that Defendants paid the Cadwell and Danley deposition invoice before December 4th, and did so at the reduced rate. The only costs to be awarded should be at the rate that it would cost if they paid timely, and received the 'timely payment' discount.

Plaintiffs object to the award of the "Delivery and Handling" costs to Defendants. The Danley and Cadwell deposition invoice posts that cost at $43.50. The costs for shipping and handling or "process/delivery" fees for deposition transcripts are not properly taxed. Section 1920 (2) permits the award of "fees for printed or electronically recorded transcripts…" but does not extend the authority of this court to award 'delivery and handling' costs. See, *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)(reversing award of delivery costs for deposition transcripts).

Flack and Porterfield Depositions

Plaintiffs object to the amounts sought by Defendants Flack and Porterfield for copies of their own depositions upon similar grounds as those involving the Danley and Cadwell depositions. As to the Flack deposition, Defendants seek $453.30, even though the actual invoiced amount is $350.50. As to the Porterfield deposition, they seek $372.25, although the actual invoiced amount of $431.55.

Plaintiffs object to the award of "Delivery and Handling" costs to Defendants. They object to those costs for the reasons provided in the foregoing section discussing the Danley and Cadwell depositions.

<u>Anthony Wilson and Kimberly Wilson Depositions</u>

Plaintiffs object to the Defendants' effort to impose the entirety of a $1,020.00 deposition invoice that, if the Defendants had paid in a timely manner, would have only cost $928.00. The Defendants were invoiced with this deposition charge on 12/12/2017 and, if they paid it by 1/12/18, then they would have saved $92.00. The Defendants have not supplied the Court with proof of what amount they actually paid for this deposition. <u>Therefore, for all we know, the Defendants' actual cost for these two depositions may in fact have only been the $928.00.</u> And if they paid $1,020.00 – they did so only because they elected to pay the invoice late. Plaintiffs should not be saddled with additional costs simply because of the choice that Defendants make in the timing of their payment for their litigation expenses.

Plaintiffs further object upon the ground that Defendants seek recovery of costs for multiple copies of the two depositions. The issue is whether Defendants are allowed to recover costs attributed to more than simply an original and one copy of the deposition transcripts. The law does not permit recovery of the cost of

depositions if they are obtained merely for the convenience of counsel. *Goodwall Const. Co. v. Beers Const. Co.* 824 F.Supp. 1044, 1066 (N.D.Ga. 1992)(Forrester, J.)  The invoice for the deposition of Mr. and Mrs. Wilson shows that the invoice total if for an "*original and one copy*" of the deposition transcripts, and for "*Electronic copies e-mailed…*"   Even if Defendants Flack and Porterfield needed the Wilson transcripts, they did not need both their own hard copy [as is indicated on the invoice] along with additional electronic copies.  Clearly electronic copies would have sufficed.   The problem with this deposition invoice is that it does not provide enough detail on which to determine what cost is arguably allowable versus not allowed.  For that reason, the entire cost of the Wilsons' deposition transcripts should be disallowed.

    <u>Smith Deposition</u>


    <u>Krause Deposition Expenses</u>

 Plaintiffs object to being made to pay $4,502.68 for a deposition, the transcript of which cost only $1,378.85.   The only components of the Krause deposition which are properly allowed are the cost of the deposition transcript [$1,378.85] and the exhibits, which adds another $13.95.

The issue presented is whether charges piled onto the court reporter's fee for the Krause deposition are allowable by operation of 28 U.S.C. 1920.  The Veritext Invoice reflects fees added to the court reporter's charges, consisting of the following:

| | |
|---|---:|
| Attendance Fee | $ 487.00 |
| Video Conference Fees | 1,462.50 |
| | and 975.00 |
| Litigation Package | 46.00 |
| Witness read and sign services | 12.50 |
| FedEx of Exhibits from Reporter to Office | 15.00 |
| Shipping and handling | 44.84 |

The Krause deposition was conducted remotely, via a videoconference link. The deposition was NOT video-recorded.  Defense counsel for Porterfield and Flack arranged for a conference room at the offices of a Court Reporting Company, Collins Reporting Service, in Toledo, Ohio, and arranged for a room at Veritext Atlanta, in Atlanta, Georgia.

None of the fees [other than the court reporter's charge and the exhibits charges of $13.95] set out in the Veritext invoice are permitted by the provisions of Section 1920.

1. "Attendance Fee" -  The court reporter is already being paid by paying the fee for the transcript.  The "attendance fee" is a mystery.  Who is attending and why are they being paid in an amount over and above

the $5.45 per page fee charged by the court reporter?

2. "Videoconference" - The videoconference fee is astoundingly high – at over $2,400.00. The Krause deposition was not videotaped or videorecorded. Since it was not even videotaped, the next question becomes – just what was the necessity to incurring 'videoconference' fees at an hourly rate of $225.00? Videoconferencing is a means by which to permit persons to see and hear one another through a video feed. That is a process which can be accomplished at little or no cost whatsoever. For example, the computer application known as "Zoom" is a free service that can facilitate multiple participants for a deposition setting. Zoom is a web-based video conferencing tool with a local, desktop client and a mobile app that allows users to meet online, with video. Zoom users can choose to record sessions, collaborate on projects, and share or annotate on one another's screens, all with one easy-to-use platform. No conference room is required for a zoom video conference, and certainly no fees in excess of $2,400.00. A "Zoom" video conference can be conducted from computers based at the desks of the respective attorneys participating in the video conference. In effect, the Defendants are seeking to tax

the Wilson's with a room rental fee – a fee which was unnecessarily incurred and which is simply not an allowable cost. The 'videoconference' fee sought by Defendants is simply not a 'recorded transcript necessarily obtained for use in the case.' 28 U.S.C. 1920(2).

3. "Litigation Package" - There is no explanation of just what it was that Defendants paid for when getting a "litigation package" from Veritext. But whatever it was, it did not and does not fall within the strict terms of Section 1920, i.e., a "litigation package" is simply not a "recorded transcript necessarily obtained for use in the case."

4. "Read and Sign" services – Veritext charged $12.50 for alleged "read and sign" services. However, fees charged for obtaining witness signatures on deposition transcripts are not taxable. See, e.g., *Kan Teachers Credit Union v. Mutual Guar. Corp.*, 982 F. Supp. 1445, 1447 (D. Kan. 1997). Even if such fees could be taxed, it does not appear that Veritext actually performed this service. Krause's signature does not appear on an errata sheet filed with the Court.

5. "FedEx of Exhibits from Reporter to Office" – This is a postage cost. Postage costs are not allowable under 28 U.S.C. 1920.

6. "Shipping and handling" - Plaintiffs object to the allowance of "shipping and handling" charges associated with the Krause deposition. Section 1920 (2) permits the award of "fees for printed or electronically recorded transcripts…" but does not extend the authority of this court to award 'delivery and handling' costs. See, *Smith v. Tenet Healthsystem SL, Inc.,* 436 F.3d 879, 889 (8th Cir. 2006) (reversing award of delivery costs for deposition transcripts).

Fowler Deposition

Raymond Fowler was deposed by Plaintiff's counsel on June 12, 2018. Porterfield and Flack seek a total of $240.00, despite the fact that the actual billed invoice cost of a copy [an e-copy] of Fowler's deposition was $227.20. The American Court Reporting invoice reflects that there was a discount granted to those who paid the fee promptly, amounting to 8%. With timely payment, the Fowler deposition would have cost only $209.02. That is the allowable amount for this deposition. No "administration fee" is properly assessed against the Plaintiffs.

Downs Deposition

Dr. Downs was deposed by Plaintiff's counsel. Defendants Porterfield and Flack seek recovery of $592.30. Plaintiffs object to this cost because it includes non- allowable charges and because it includes an administration fee. The discount

for timely payment for a copy of the deposition would have amounted to $45.30, resulting in an allowable deposition charge of $521.00.  Plaintiffs do not contest the fee charged for the scanning of exhibits, in the amount of $33.00.  Therefore, the total allowable cost for the Downs transcript is $554.00.

### Dampier Deposition

Dr. Dampier was deposed by Plaintiff's counsel.  Defendants Porterfield and Flack seek recovery of $584.90.  Plaintiffs object to being taxed with this amount.  The Defendants seek to require that Plaintiffs pay an "administration" fee in the amount of $41.50.  Such an administration fee is not included in allowable costs under 28 U.S.C. 1920 because it is not a fee for the deposition transcript itself.  The exhibit fees of $71.50 are allowable.

### Ryan Deposition

Expert witness John Ryan was deposed on September 7, 2018.  Defendants Porterfield and Flack seek recovery of $450.60.  However, the actual charge for the transcript, which was provided via email, which was ordered, was only $390.60.  Defendants seek recovery of an additional $60.00, which – per the invoice – constitute fees for a "Zoom VC" and for "Repos.Access/Archiving."  Plaintiffs object to being taxed the additional $60.00 because neither of these stated charges are provided for by virtue of 28 U.S.C. 1920.

## FEES FOR EXEMPLIFICATION AND COST OF COPIES

Defendants Porterfield and Flack seek recovery of $411.36 for records claimed to have been obtained in discovery.

The first issue presented by this request by Defendants is whether charges for "search and retrieval" or for what a vendor calls a "basic fee" or "administration" fee are allowable costs under 28 U.S.C. 1920 (4).  Subsection (4) of the statute allows recover for "making copies."  Therefore, only costs for the actual act of making copies are taxable and costs associated with preparing data to be copies are not recoverable.  *Balance Point Divorce Funding, LLC v. Scrantom, 305 F.R.D.* 67 (S.D.N.Y. 2015).  Search fees and "basic fees" are set out on the invoices of six of the seven invoices provided by Defendants with their Exhibit C. D.E. 183-3.  Those fees amount to a total of $155.28.  The $155.28 should not be allowed and should be subtracted from the $411.36 sought by Defendants.  The total which can be allowed as a Section 1920 cost is $256.08.

## SUMMARY

For and upon the foregoing argument, Plaintiffs show that the total amount which may be taxed against Plaintiffs for depositions under Subsection 2 is

$4,950.80[1] and the total amount which may be taxed against Plaintiffs for "records" under Subsection 4 is $256.08.

G. Brian Spears<br>
Georgia Bar No. 670112<br>
Attorney for Plaintiffs<br>
G. BRIAN SPEARS, P.C.<br>
1126 Ponce de Leon Ave., N.E.<br>
Atlanta, Georgia 30306<br>
Phone: (404) 872-7086<br>
Email: Bspears@mindspring.com

---

[1] If the Wilson's deposition costs are allowed by the Court, then the total amount would be $5,878.80.

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Brian R. Dempsey
Richard A. Carothers
Carothers & Mitchell, LLC
1809 Buford Highway
Buford, GA 30518

Harvey S. Gray
Alex Joseph
Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA 30326

Sun S. Choy
Sara E. Brochstein
Freeman, Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

>G. Brian Spears
>Georgia Bar No. 670112
>Attorney for Plaintiffs
>G. BRIAN SPEARS, P.C.
>1126 Ponce de Leon Ave., N.E.
>Atlanta, Georgia 30306
>Phone: (404) 872-7086
>Email: Bspears@mindspring.com